IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

      Plaintiff,

v.                                        Civ. No. 26-1572 GBW

THEODORE MARKOWSKI and
MARKOWSKI-RUVALCABA LAW
FIRM LLC,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court on *pro se* Plaintiff's Complaint, *Doc. 1*,

filed May 15, 2026, and Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, *Doc. 2*, filed May 15, 2026 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that

the Court may authorize the commencement of any suit without prepayment of fees by

a person who submits an affidavit that includes a statement of all assets the person

possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements
> of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or
> that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and her average monthly income amount during the past 12 months is $0.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and Plaintiff has no income.

**Order to Show Cause**

Plaintiff asserts claims for deprivation of civil rights and conspiracy pursuant to 42 U.S.C. § 1983 and claims pursuant to state law for malicious abuse of process, defamation, violation of the New Mexico Civil Rights Act and fraud based on Defendants' acts in a state court case.  *See* Complaint at 1.  Defendant Markowski is a private attorney representing Plaintiff in the state court case.  *See* Complaint at 4, 6–7

2

The Court has identified the following deficiencies and orders Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023 WL 4560223, *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

The Complaint fails to state a claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no allegations showing that Defendants Markowski and Markowski-Ruvalcaba Law Firm were acting under color of state law.  *See DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)).  The Complaint contains conclusory allegations that Defendants violated Plaintiff's rights but does not clearly explain which rights Plaintiff believes each Defendant violated.  *See* Complaint at 3–4.

The Complaint also fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983.  To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and

3

concerted action [taken to advance that goal"] among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022). Plaintiff makes vague, conclusory allegations that Defendants conspired with others. *See* Complaint at 2 ("in conspiracy"), at 3, 4 ("with complicity"), at 5 ("conspiracy with"), at 6 ("in complicity"), at 7 ("conspiracy and complicity"), at 9 ("'conspiracy' 4 attorneys and Cale Robertson planned how to affecting and depriving and violating the civil rights of [Plaintiff]" [sic]). Plaintiff has not, however, alleged specific facts showing that Defendants agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal.

If Plaintiff asserts the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983, Plaintiff must file an amended complaint. The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an

4

amended complaint.  The Court will address service after this Order to Show Cause is resolved.

### Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action[.]"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

5

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

6

**IT IS ORDERED** that:

(i)      Plaintiff's Application to Proceed in District Court Without Prepaying

Fees or Costs, *Doc. 2*, filed May 15, 2026, is **GRANTED.**

(ii)      Plaintiff shall, within 21 days of entry of this Order: (a) show cause why

the Court should not dismiss this case; and (b) file an amended complaint.  Failure to

timely show cause and file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

7