**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-01572-MIS-GBW

THEODORE MARKOWSKI and
MARKOWSKI-RUVALCABA LAW FIRM LLC,

Defendants.

**ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, asserted claims for deprivation of civil rights and conspiracy pursuant to 42 U.S.C. § 1983, and claims pursuant to state law for malicious abuse of process, defamation, violation of the New Mexico Civil Rights Act and fraud based on Defendants' acts in a state court case. *See* Compl. at 1, ECF No. 1. Defendant Markowski is a private attorney representing Plaintiff in the state court case. *See id.* at 4, 6-7.

On May 19, 2026, Chief United States Magistrate Judge Gregory B. Wormuth issued an Order notifying Plaintiff:

> The Complaint fails to state a claim for deprivation of civil rights pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants Markowski and Markowski-Ruvalcaba Law Firm were acting under color of state law. *See DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). The Complaint contains conclusory allegations that Defendants violated Plaintiff's rights but does not clearly explain which rights Plaintiff believes each Defendant violated. *See* Complaint at 3-4.
>
> The Complaint also fails to state a plausible conspiracy claim pursuant to 42 U.S.C. § 1983. To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and

> concerted action [taken to advance that goal"] among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022). Plaintiff makes vague, conclusory allegations that Defendants conspired with others. *See* Complaint at 2 ("in conspiracy"), at 3, 4 ("with complicity"), at 5 ("conspiracy with"), at 6 ("in complicity"), at 7 ("conspiracy and complicity"), at 9 ("'conspiracy' 4 attorneys and Cale Robertson planned how to affecting and depriving and violating the civil rights of [Plaintiff]" [sic]). Plaintiff has not, however, alleged specific facts showing that Defendants agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal.

Order to Show Cause at 3-4, ECF No. 6. Judge Wormuth ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See id.* at 7.

On May 27, 2026, Plaintiff filed a combined Amended Complaint and Response to Order to Show Cause ("Amended Complaint"). ECF No. 7. Plaintiff subsequently filed two motions for service and a motion for discovery. Plaintiff's first Motion for Service seeks, among other things, "monetary relief" for expenses Plaintiff incurred in her attempt to serve Defendants. *See* ECF No. 10 at 2. Judge Wormuth notified Plaintiff, before she attempted service that, because Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, officers of the Court will serve all process and the Court will address service after the Order to Show Cause is resolved. *See* Order to Show Cause at 4-5. Both motions for service also seek monetary damages, attorney fees and a trial by jury. ECF No. 10 at 2; ECF No. 11 at 8-9; *see also* Am. Compl. at 16 (requesting monetary damages, attorney fees and a trial by jury).

The Amended Complaint asserts claims for violation of procedural due process in state court, conspiracy, and malicious abuse of process pursuant to 42 U.S.C. § 1983, and claims pursuant to state law including defamation, spoliation, and malicious abuse of process. *See* Am. Compl. at 4-8. Plaintiff states there was no agreement between her and Defendants regarding Defendants' representation of Plaintiff in state court. *See id.* at 5, 9, 11-12. Plaintiff alleges there was a "conspiracy to cause violation of rights" between Defendants and other attorneys in the

state-court case, Defendants acted "in complicity" with the opposite party in the state-court case to remove property of Plaintiff, Defendants "conspired to procure a groundless indictment against Plaintiff." *See id.* at 5, 11-12.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983. Judge Wormuth notified Plaintiff that ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Order to Show Cause at 3 (quoting *DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) (quoting *Polk County v. Dodson*, 454 U.S. 312, 318 (1981))). Plaintiff has not cited any legal authority showing that Defendants, by representing Plaintiff in state-court proceedings, were state actors under Section 1983. Judge Wormuth also notified Plaintiff that to state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants." Order to Show Cause at 3-4 (quoting *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022)). The Amended Complaint contains vague, conclusory allegations that Defendants conspired with others but does not allege specific facts showing that Defendants agreed with others to deprive Plaintiff of her constitutional rights and that Defendants acted in concert with others to advance that goal.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding

them to state court when the federal claims to which they are supplemental have dropped out before trial”).

Because it is dismissing this case, the Court denies Plaintiff’s two motions for service and her motion for discovery.

**IT IS ORDERED** that:

(i) **This case is DISMISSED without prejudice.**

(ii) The following motions are **DENIED:**

(a) Plaintiff’s Motion for Service, Doc. 10, filed June 11, 2026;

(b) Plaintiff’s Amended Motion for Alternative Service, Doc. 11, filed July 2, 2026; and

(c) Plaintiff’s Motion for New Discovery, Doc. 12, filed August 13, 2026.

(iii) All other pending motions are **DENIED AS MOOT.**

(iv) This case is now **CLOSED.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE