**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-01572-MIS-GBW

THEODORE MARKOWSKI and
MARKOWSKI-RUVALCABA LAW FIRM LLC,

Defendants.

**ORDER OVERRULING OBJECTIONS**
**AND IMPOSING FILING RESTRICTIONS**

Plaintiff, who is proceeding *pro se*, has filed 15 cases from 2024 through 2026. *See* Order to Show Cause at 2-4, ECF No. 20 (listing and summarizing cases). Plaintiff has repeatedly filed complaints that failed to state claims despite the Court repeatedly notifying Plaintiff of the requirements for stating a claim, and has repeatedly failed to comply with Court Orders and the Federal and Local Rules of Civil Procedure despite the Court repeatedly notifying Plaintiff of her responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure and her obligation to comply with Court Orders. *See id.* at 2-4.

The Court found that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings. *See id.* at 4-5. After describing the Court's power to impose filing restrictions, the Court notified Plaintiff that it proposes to impose filing restrictions on Plaintiff, described the proposed filing restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions. *See id.* at 5-7.

**Order Overruling Objections to Proposed Filing Restrictions**

Plaintiff has objected to the proposed filing restrictions on several grounds. *See* Objection Order Show Cause, ECF No. 21.

First, Plaintiff states the proposed filing restrictions violate due process and are overly broad:

> Pre-Filing restrictions must be narrowly tailored to target only the specific type of abusive litigation alleged with Evidence Clearly for The Court. A Blanket restriction barring a litigant from access to the Court System is an Unconstitutional with Violation to the First Amendment Right to petition the Government for a redress of Grievances. The Current proposed restriction is not narrowly tailored and unjustly deprives the under-signed of fundamental court Access. [sic]

*Id.* at 8-9.

Second, Plaintiff asserts the record does not support a finding of frivolousness or harassment:

> To impose filing restrictions, the Court must make detailed, substantive findings that the Litigant's Filings are completely meritless and intended solely to harass.
>
> The Motion and Pleadings filed [by the] under-signed were not intended to disrupt the court but were brought with a good faith belief in their Legal and factual Merit.
>
> Merely Losing a claim or filing multiple motions to protect one's rights does not rise to the level of "Vexatious" or "Abusive" Litigation under Governing circuit Standard.

*Id.* at 8.

Third, Plaintiff asserts less restrictive means have not been attempted stating:

> Before taking the drastic step or stripping a citizen of their right to file claims, courts are required to consider or apply less restrictive alternatives, such as specific warnings, or stay in orders. Imposing pre-filing restriction without first trying less severe remedies is a violation of established Legal Precedent.

*Id.* at 8.

The Court, having given Plaintiff notice of the proposed filing restrictions and an opportunity to be heard, overrules Plaintiff's objections to the proposed filing restrictions.

> "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as

> they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354.

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

The Court is not imposing filing restrictions due to the large number of cases that Plaintiff has filed over the past two years, or because many of those cases have been dismissed or because the Court believes Plaintiff is filing the cases to harass Defendants. The Court has determined filing restrictions are appropriate because Plaintiff has repeatedly disregarded the Court's directives regarding stating plausible claims. Plaintiff has not explained why she repeatedly filed complaints and amended complaints that failed to state claims despite the Court repeatedly notifying Plaintiff of the requirements for stating a claim. Plaintiff's failure to comply with those requirements for stating a claim causes the Court to unnecessarily expend valuable resources.

The proposed filing restrictions are not a "blanket restriction" denying Plaintiff access to the Court. Plaintiff will have access to the Court by either having a licensed attorney who is admitted to practice before this Court sign Plaintiff's initial pleading or by obtaining permission to proceed *pro se*. Furthermore, the proposed restrictions only apply to the initial pleading. The proposed restrictions do not apply to any documents Plaintiff files after the Court grants Plaintiff permission to proceed *pro se*. The proposed restrictions are designed to prevent Plaintiff from filing, in new cases, complaints that do not state colorable claims under federal law. To obtain permission to proceed *pro se*, Plaintiff must file a proposed complaint and an affidavit that includes, among other things, a short discussion of the basis of the Court's jurisdiction of the subject matter.

> "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (internal quotation marks omitted). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (internal quotation marks omitted).
>
> When applying this standard, we have explained that "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, **and allege sufficient facts to show that the case is one arising under federal law**." *Martinez v. U.S. Olympic Comm.,* 802 F.2d 1275, 1280 (10th Cir. 1986). For example, we dismissed for lack of jurisdiction when a complaint referenced 42 U.S.C. § 1983 but wholly failed to include allegations supporting a constitutional claim. *See Sanders v. Indep. Sch. Dist. No. I–2,* 459 F.2d 51, 52 (10th Cir. 1972); *see also Harline,* 148 F.3d at 1202–06 (due-process claim was not colorable).

*Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (emphasis added).

Plaintiff asserts that the Court has not applied less restrictive means "such as specific warnings." The Court has repeatedly warned Plaintiff that "Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case." *See, e.g.*, Order to Show Cause at 4, ECF No. 4, in *Robertson v. Robertson*, No. 2:25-cv-00874-MIS-JHR (D.N.M. Nov. 5, 2025). Many of the Court Orders entered in Plaintiff's cases explained the requirements for stating a claim and ordered that her amended complaints must comply with those requirements. Those warnings were not effective at deterring Plaintiff from filing complaints and amended complaints that failed to state claims. The Court notifies Plaintiff that if the Court grants Plaintiff permission to proceed *pro se* in future cases and Plaintiff continues to not comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court may impose additional filing restrictions.

**Order Imposing Filing Restrictions**

Plaintiff is enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk is directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff is also enjoined from initiating future litigation in this Court and the Clerk is directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must

certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. Nov. 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) Plaintiff's Objection Order Show Cause, ECF No. 21, filed Sep. 22, 2026, is **OVERRULED.**

(ii) The filing restrictions described above are **IMPOSED.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE