**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

Plaintiff,

v. No. 2:26-cv-01572-MIS-GBW

THEODORE MARKOWSKI and
MARKOWSKI-RUVALCABA LAW FIRM LLC,

Defendants.

**ORDER OVERRULING OBJECTION**
**AND DENYING MOTION TO RECONSIDER**

The Court dismissed this case and entered Final Judgment on August 31, 2026. *See* Order of Dismissal, ECF No. 14; Final Judgment, ECF No. 15. Plaintiff, who is proceeding *pro se*, filed a Notice of Appeal on September 3, 2026. *See* ECF No. 16. The appeal of the dismissal and Final Judgment remains pending.

Plaintiff has filed 15 cases from 2024 through 2026. *See* Order to Show Cause at 2-4, ECF No. 20 (listing and summarizing cases). Plaintiff has repeatedly filed complaints that failed to state claims despite the Court repeatedly notifying Plaintiff of the requirements for stating a claim, and has repeatedly failed to comply with Court Orders and the Federal and Local Rules of Civil Procedure despite the Court repeatedly notifying Plaintiff of her responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure and her obligation to comply with Court Orders. *See id.*

The Court found that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings, notified Plaintiff that it proposes to impose filing restrictions on Plaintiff, described the proposed filing restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions. *See id.* at 4-7.

Plaintiff objected to the proposed filing restrictions on several grounds. *See* Objection Order Show Cause, ECF No. 21. The Court overruled Plaintiff's objections and imposed filing restrictions on Plaintiff on September 25, 2026. *See* Order, ECF No. 22.

Plaintiff subsequently filed an Objection to the Order imposing filing restrictions and a Motion to reconsider the Order to Show Cause, both of which are now before the Court, on September 25, 2026. *See* ECF No. 23 ("Objection and Motion"). Although the title and body of the Objection and Motion refers to reconsideration of the Order to Show Cause, the Court liberally construes *pro se* Plaintiff's Motion to reconsider as seeking reconsideration of the Order imposing filing restrictions because the Court has already overruled Plaintiff's objection to the Order to Show Cause. *See id.* at 1, 4.

Plaintiff objects to and seeks reconsideration of the Order imposing filing restriction on the grounds that:

(i) her "filings in this case were made in good faith, and Because the Proposed restrictions are overly broad,"

(ii) the filing restrictions are not "narrowly tailored to target only the specific type of abusive litigation,"

(iii) "A Blanket restriction barring a litigant from access to the Court System is an Unconstitutional [] Violation to the First Amendment Right to petition the Government for a redress of Grievances" and the current restrictions "deprives [Plaintiff] of fundamental court Access,"

(iv) "The Record Does Not Support a Finding of Frivolousness or Harassment" and

(v) "Before taking the drastic step or stripping up a citizen of their right to file claims, courts are required to consider or apply less restrictive alternatives, such as specific warning, or stay in orders."

*Id.* at 8, 14 [sic].

The Court overrules Plaintiff's Objection to the Order Imposing Filing Restrictions and denies Plaintiff's Motion to reconsider the Order Imposing Filing Restrictions. Plaintiff asserts the same arguments in her Objection and Motion that she asserted in her objection to the Order to Show Cause.

Plaintiff states her "filings in this case were made in good faith" but has not explained why she repeatedly filed complaints and amended complaints that failed to state claims despite the Court repeatedly notifying Plaintiff of the requirements for stating a claim. The Court did not impose filing restrictions because the Court believes Plaintiff is filing the cases to harass Defendants; the Court imposed filing restrictions because Plaintiff's repeated failure to comply with the requirements for stating a claim causes the Court to unnecessarily expend valuable resources. The filing restrictions are not an overly broad "blanket restriction" denying Plaintiff access to the Court. Plaintiff will have access to the Court for new cases by either having a licensed attorney who is admitted to practice before this Court sign Plaintiff's initial pleading or by obtaining permission to proceed *pro se*. Furthermore, the proposed restrictions only apply to the initial pleading in new cases. The proposed restrictions do not apply to any documents Plaintiff files after the Court grants Plaintiff permission to proceed *pro se*. The proposed restrictions are narrowly tailored and designed to prevent Plaintiff from filing, in new cases, complaints that do not state plausible claims under federal law. Plaintiff's suggestion that the Court has not applied less restrictive means "such as specific warnings" is mistaken. The Court has repeatedly explained

the requirements for stating a claim, ordered that her amended complaints must comply with those requirements, and warned Plaintiff that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in sanctions including filing restrictions. Those warnings were not effective at deterring Plaintiff from filing complaints and amended complaints that failed to state claims.

**IT IS ORDERED** that:

(i) Plaintiff's Objection on Order filed September 25, 2026, ECF No. 23, filed October 2, 2026, is **OVERRULED.**

(ii) Plaintiff's Motion of Reconsideration [of] Order [to] Show Cause, ECF No. 23, filed October 2, 2026, is **DENIED.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE